PETROPLUS, JUDGE:
This is a companion case to the claim of Clyde W. Reinhart vs. Department of Highways, D-444, in which Judge Jones made an award of $3,381.99 to the owner of a service station, who was damaged in an amount exceeding the compensation he received from the State because of the failure of the State Department of Highways to perform its agreement that upon completion of the road construction the service station and approaches would be “as good or better than before”. It was stipulated at the hearing of this case that the evidence taken in the Reinhart claim could be considered by the Court.
The Claimant, Harry N. Walker, Jr., doing business as Gauley Esso Service Center, appeared without counsel on his claim for damages in the amount of $20,000.00, apparently relying on the evidence of liability submitted in the former case by Clyde W. Reinhart. However, in the former case, Judge Jones predicated liability of the Respondent on a change of plans which rendered the approaches to the service station too steep for motor vehicles to safely and conveniently enter or leave the station, thereby making it practically unfit for use. Mr. Reinhart was awarded a sum that enabled him to restore his station to practical use after taking into consideration funds received for a taking under threat of condemnation.
In the case now before us the Claimant was operating the station under lease from the Humble Oil & Refining Company, a Delaware corporation, dated August 21, 1968, for a one year term beginning September 2, 1968, and ending September 1, 1969. The lease was to run from year to year unless terminated by either party at the end of the original term or at the end of any subsequent year by giving thirty *122 (30) days prior written notice. The renewal provision never became effective as the Claimant gave up the station in July, 1969, about two months before the expiration of the original term, because of the adverse conditions created by the road construction, which began on April 9, 1969, and ended October 3, 1969.
Mr. Reinhart had originally rented the station to Humble Oil under a five year lease, and Humble in turn subleased to the Claimant herein, on the terms stated, not only the building but also the pumps, improvements, and equipment connected with the station.
It clearly appears from the evidence that the Claimant’s rights as lessee were ignored not only by the landowner Reinhart and the lessee Humble, but also by the Respondent Department of Highways, which apparently felt that only the landowner was entitled to compensation for the damage caused by the road construction.
By June, 1969, the station became inoperable, and the Claimant voluntarily surrendered the premises in July. In our opinion the Claimant sustained damages by being forced to give up a profitable business two months before the expiration of his lease. The photographs submitted as evidence of the condition of the road after excavation and the inaccessible service station on a higher level, taken in May, 1969, are convincing proof that the station was practically useless for the month of June, as well as July and August.
We, therefore, make a finding of liability, but have difficulty ascertaining damages because of the unsatisfactory nature of the proof offered. Claimant’s federal income tax return, filed as an exhibit at the request of the Court after the hearing, for the six months operation in 1969, shows a net profit of $1,797.44 or approximately $300.00 per month. We are aware that loss of profits is not an element of damage where property is taken or damaged for a public use, but in this case Claimant had no property. The theory of his claim is based on a willful disregard of his contractual rights as lessee of a business wherein he was making a living, and Respondent’s defense that this constitutes damnum absque injuria or that his claim, if any, is against his lessor is not a tenable defense.
For the foregoing reasons, an award is made to the Claimant in the amount of $900.00, covering his average loss of income for the three month period.
Claim allowed in amount of $900.00.